**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sherry A. Lee, Respondent,

v.

Light Rx Greenville, Appellant.

Appellate Case No. 2021-000532

---

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

---

Unpublished Opinion No. 2023-UP-038
Submitted January 1, 2023 – Filed February 1, 2023

---

**AFFIRMED**

---

Kimberly Truluck Thomason and Devon Marc Puriefoy,
both of Truluck Thomason, LLC, of Greenville, for
Appellant.

Sherry A. Lee, of Fayetteville, North Carolina, pro se.

---

**PER CURIAM:** Light Rx Greenville appeals the master-in-equity's order holding it in contempt, imposing a $3,000 sanction, and awarding Sherry A. Lee her travel expenses. On appeal, Light Rx Greenville argues the master erred in imposing a criminal, rather than a civil, sanction after Light Rx Greenville failed to appear as ordered. We affirm pursuant to Rule 220(b), SCACR, and the following

authorities: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [master] to be preserved for appellate review."); *Stanley v. S. States Police Benevolent Ass'n*, 435 S.C. 524, 527, 868 S.E.2d 412, 414 (Ct. App. 2021) ("When a party receives an order containing relief that was not requested or contemplated, the party must present its objections to the issue to the trial court in a Rule 59(e), SCRCP, motion to preserve the issue for appeal."); *Abba Equip., Inc. v. Thomason*, 335 S.C. 477, 486, 517 S.E.2d 235, 240 (Ct. App. 1999) (noting an appellant "bears the burden of providing an adequate record for [the appellate] court to conduct a proper review").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.